1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11   MAVERICK ASPHALT, INC., a California        CASE NO.   1:10-cv-00569-AWI-SKO
     corporation,
12                                                ORDER REQUIRING SUPPLEMENTAL
                   Plaintiff,                     BRIEFING
13
            v.
14

15   WINDSOR FUEL CO., INC., a California
     corporation;   WINDSOR   FUEL   CO., a
16   California corporation, MICHAEL S TELFER,
     an individual, and dba WINDSOR FUELS CO.;
17   WESTERN SURETY CO., a South Dakota
     corporation;  CALIFORNIA  DEPARTMENT
18   OF TRANSPORTATION, a public entity;
     CONTINENTAL CASUALTY  COMPANY,
19   an Illinois corporation; and DOES 1 through
     100, inclusive,
20
                   Defendants.
21   _____/

22          This matter was initially filed in Kern County Superior Court, but was removed by

23   Defendants[1] to this Court on April 1, 2010.  Plaintiff, Maverick Ashphalt, Inc., filed a motion for

24   remand on April 29, 2010.  The Motion for Remand that is presently pending before the Court

25   will be heard on June 4, 2010.

26   _____

27          [1] The California Department of Transportation ("CalTrans") did not join in the removal of this action.
     Aside from arguing that the Court has no subject matter jurisdiction to consider this matter, Plaintiff also asserts that
28   the removal is procedurally defective based on CalTrans failure to join in it.  Defendants assert that removal is
     procedurally proper under an exception to the rule of unanimity.

In the complaint, Plaintiff alleges that Defendant Windsor Fuel Co., Inc., ("Windsor") was the general contractor on a project. Plaintiff asserts that the California Department of Transportation ("CalTrans") was the "owner" of the project, which was undertaken to make improvements to a roadway near Mojave, California, and Redrock Canyon (the "Project"). Plaintiff asserts that Defendant Windsor subcontracted with Plaintiff to provide asphalt materials for the Project. Plaintiff asserts that although it delivered the materials pursuant to all the terms of the contract, Windsor has failed to make payment for the materials. Plaintiff asserts that Windsor has breached its contract with Plaintiff by failing to pay amounts due and seeks damages in the amount of $633,411.08 plus interest. Plaintiff claims that Western Surety Company ("Western") issued a payment bond No. 929469879 on the Project. Plaintiff also avers that Continental Casualty Company ("Continental") issued a Contractor's License Bond on behalf of Windsor for the benefit of the State of California.

Plaintiff asserts claims against Windsor for (1) breach of contract; (2) Mutual, Open and Current Account; (3) Book Account; and (4) Quantum Meruit. Further, Plaintiff asserts a Fifth Cause of Action for enforcement of the payment bond against Western and Windsor. As to CalTrans, Plaintiff states a Sixth Cause of Action for Enforcement of Stop Notice. As to Continental, Plaintiff asserts a Seventh Cause of action for recovery on the Contractor's License Bond.

In its April 1, 2010, Notice of Removal, Defendants assert that Plaintiff's Fifth Cause of Action for enforcement of the payment bond against Western and Windsor is subject to the Miller Act, codified in part at 40 U.S.C. § 3131. Defendants claim that the Project is a federal public work and, as such, Plaintiff may only proceed with a claim against the surety of the payment bond in federal court. Defendants assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over the Sixth Cause of Action for enforcement of the payment bond, and that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remainder of Plaintiff's claims.

Plaintiff disputes that the payment bond issued in this case comes under the auspices of the Miller Act, and argues that the Court does not have subject matter jurisdiction over the case.

1    Plaintiff claims that the Project was a state project regardless of any federal funding that

2    CalTrans received from the Federal Government for the project.  Thus, Plaintiff asserts that the

3    matter should be remanded to state court.

4         Defendants oppose a remand to state court on grounds that the Project is a public work of

5    the Federal Government, despite CalTrans' involvement in initiating the Project by requesting

6    funds from the Federal Government under the American Recovery and Reinvestment Act of

7    2009.  Defendants assert that the Miller Act requires that suit against the surety be brought

8    exclusively in federal district court and that the state court has no jurisdiction to hear Plaintiff's

9    claim for enforcement of the payment bond.

10        The Miller Act was designed to achieve two policy objections: (1) to provide those who

11   furnished labor and materials for government construction a remedy analogous to that afforded

12   by mechanics' and material furnishers' liens in private construction (*see, e.g., U.S. for Use and*

13   *Benefit of Olson v. W.H. Cates Const. Co., Inc.*, 972 F.2d 987, 989-90 (8th Cir. 1992); and (2) to

14   protect the government if a contractor became insolvent before completing the project (*see, e.g.,*

15   *Morrison Assur. Co., Inc., v. U.S.*, 3 Cl. Ct. 626, 632 (1983) ("performance bond protects the

16   government by making sure that it is not left with a partially completed project because of an

17   insolvent contractor.")).  To achieve these objectives, the Miller Act requires that two types of

18   bonds be issued when a contract is awarded for the construction, alteration, or repair of any

19   public building or public work of the Federal Government:

20        (1) Performance Bond. – A performance bond with a surety satisfactory to the
         officer awarding the contract, and in an amount the officer considers adequate, for
21       the protection of the Government.

22        (2) Payment Bond. – A payment bond with a surety satisfactory to the officer for
         the protection of all persons supplying labor and material in carrying out the work
23       provided for in the contract for the use of each person.  The amount of the
         payment bond shall equal the total amount payable by the terms of the contract
24       unless the officer awarding the contract determines, in a writing supported by
         specific findings, that a payment bond in that amount is impractical, in which case
25       the contracting officer shall set the amount of the payment bond.  The amount of
         the payment bond shall not be less than the amount of the performance bond.
26

27   40 U.S.C. § 3131(b)(1)-(2).

28        The parties are in substantial agreement that a **payment bond** was issued related to the

3

Project, but dispute whether it is subject to the Miller Act.  To assist the Court in reviewing this matter, the Court requests that the parties discuss, to the extent that they have relevant knowledge, whether (1) a **performance bond** was issued for the Project; (2) the amount of any performance bond that was issued; and (3) whether it was issued for the protection of the Federal Government.

The Ninth Circuit has recognized the following nondispositive indicia for designating a Project as a "public work" of the Federal Government: (1) whether the Federal Government is a contracting party, an obligee to the bond, an initiator or ultimate operator of the project; (2) whether the work is done on property belonging to the United States; or (3) whether the bonds are issued under the Miller Act. *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 675 (9th Cir. 1998).  The parties are invited to submit further briefing that specifically considers the facts of *JWJ Contracting Co*. and its relevance to the issue presently before the Court.

IT IS HEREBY ORDERED that the parties submit a brief, not to exceed ten (10) pages, on or before Friday, May 28, 2010, addressing the matters the Court has outlined above.  Plaintiff may, in addition to filing a supplemental brief, file a reply to Defendants' opposition.

IT IS SO ORDERED.

**Dated:   May 24, 2010**                                      **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE